NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 29 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GEORGE NAPOLES-LEYVA, | No. 19-73041 |
| Petitioner, | Agency No. A203-633-164 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 27, 2022**
San Francisco, California

Before: GRABER and OWENS, Circuit Judges, and BAKER,*** International Trade Judge.

George Napoles-Leyva, a citizen of Cuba, petitions for review of the Board

of Immigration Appeals' (BIA) decision dismissing his appeal from the order of an

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

Immigration Judge (IJ) denying his application for asylum and withholding of removal and protection under the Convention Against Torture (CAT).[1]

We review the BIA's denials of asylum and withholding of removal for substantial evidence and may reverse only if the evidence *compels* a contrary conclusion. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We also review adverse credibility determinations for substantial evidence. *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). Where, as here, the BIA's decision cites *Matter of Burbano*, 20 I&N Dec. 872 (BIA 1994), and also provides the Board's own reasons, we review both decisions. *Bondarenko v. Holder*, 733 F.3d 899, 906 (9th Cir. 2013).

1. The adverse credibility finding is supported by substantial evidence. The IJ correctly emphasized that Napoles-Leyva's inconsistent testimony concerning a passport application involved "a significant life event involving an alleged torture and the basis of Respondent's claim. Claiming he cannot remember the sequences of these significant events casts doubts on whether Respondent actually experienced these events as he claimed." The BIA noted that, on appeal, Napoles-Leyva failed to address those issues and also failed to address the IJ's adverse credibility finding. Substantial evidence supports the administrative determinations. And contrary to

---

[1] Napoles-Leyva did not appeal the denial of CAT relief to the BIA, which deemed that claim abandoned.

Napoles-Leyva's assertions, the IJ gave Napoles-Leyva an opportunity to explain and clarify the inconsistencies.

2. The IJ also found that there was no evidence to support a reasonable fear of future persecution. Napoles-Leyva does not address that issue in his briefing here and we therefore deem it waived. *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996).

3. Finally, Napoles-Leyva contends that the IJ violated his Fifth Amendment due process rights by admitting evidence submitted by the government without giving him a chance to review it, by denying a continuance to allow him to obtain his own supporting evidence, and by not stating that he familiarized himself with the record as required by 8 C.F.R. § 1240.1(b). We lack jurisdiction to consider the due process argument because Napoles-Leyva never raised it before the BIA. *Brown v. Holder*, 763 F.3d 1141, 1146 (9th Cir. 2014).

Although Napoles-Leyva never filed a brief with the BIA, it is still possible for a petitioner to assert a theory via the "Notice of Appeal" form he files with the BIA. *See, e.g., Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003) (rejecting government's waiver argument when notice of appeal and subsequent motion for reconsideration raised ineffective assistance issue). The key is that the BIA must be "given an opportunity to review and adjudicate" the petitioner's claims "through either direct appeal or the motion for reconsideration." *Id.* Napoles-Leyva filed two

notices of appeal with the BIA, but neither one raised a due process theory. "When a petitioner files no brief and relies entirely on the notice of appeal to make an immigration argument," as Napoles-Leyva did here, "the notice of appeal serves in lieu of a brief, and he will be deemed to have exhausted all issues raised therein," but not others. *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009).

**PETITION DENIED IN PART AND DISMISSED IN PART.**